UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sanjeev Lath

    v.                                        Case No. 18-cv-928-PB

PennyMac Loan Services LLC

**REPORT AND RECOMMENDATION**

    Pro se plaintiff Sanjeev Lath moves to supplement his Amended Complaint.  Doc. 29.  Defendant PennyMac Loan Services objects.  Lath's motion has been referred to the undersigned magistrate judge for a report and recommendation.  As discussed below, the court recommends that the district judge deny the motion.

**Background**

    In his Amended Complaint, Lath alleged that he owned a condominium unit in a building in Manchester, New Hampshire.  In 2017, during the period when Lath owned the unit, the City of Manchester found that the unit was in violation of several provisions of the City of Manchester Housing Code (the "Housing Code").  PennyMac foreclosed on the unit in March 2018.

    Lath brought claims for a declaratory judgment (Count 1); conversion (Counts 2 and 5); trespass (Count 3); and unjust enrichment (Count 4).  PennyMac answered the complaint and filed a motion to dismiss as to Counts 1, 2, and 3.  The motion to

dismiss was granted as to Count 1 and denied as to Counts 2 and 3.

In his proposed supplemented complaint Lath alleges that in October 2017, "the Manchester District Court issued a temporary order prohibiting Lath to reside at his unit" so long as there was a Housing Code prohibition on occupancy. Doc. 29-1 ¶ 19. Lath also alleges that he moved out of the unit after PennyMac foreclosed on it in March 2018.

Lath alleges that he continued to pay assessment fees, which were charged to him by the unit's homeowners' association. In the proposed supplemented complaint, Lath contends that these payments were, in function, rent payments which created a landlord-tenant relationship between him and PennyMac. Doc. 29-1 ¶¶ 10-15. Based on that alleged landlord-tenant relationship, Lath seeks to supplement his Amended Complaint with new claims against PennyMac: breach of the covenant of quiet enjoyment and breach of the warranty of habitability (labelled together as Count 5)[1] and constructive eviction (Count 6).

## Discussion

PennyMac objects to Lath's proposed supplement to the Amended Complaint on the grounds that it is futile and that it

---

[1] Between his Amended Complaint and his proposed supplemented complaint, Lath has two counts enumerated as "Count 5."

2

is procedurally improper.[2]  Lath filed a reply.[3]  As discussed further below, it is recommended that the district judge deny Lath's motion to supplement his complaint because it is futile.

A. Standard of Review

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Leave to supplement pleadings should be freely given "absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive."  Noonan v. Wonderland Greyhound Park Realty LLC, 2011 WL 1232990, at *1 (D. Mass. Mar. 30, 2011); see also Fed. R. Civ. P. 15(a).[4]

A proposed supplemented complaint is futile if it would fail to state a claim upon which relief could be granted.  See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir.

---

[2] Because it is recommended that the district judge find that the supplemented complaint is futile regardless of whether it is proper under Federal Rule of Civil Procedure 15, the court does not address PennyMac's or Lath's arguments on that subject.

[3] Lath attached several exhibits to his reply (doc. no. 37). Because PennyMac's objection to Lath's motion relates to the futility of the supplemented pleading offered by Lath, the court does not consider the exhibits presented by Lath in its analysis under Rules 12(b)(6) and 15.  See Fed. R. Civ. P. 12(d).

[4] Motions to amend and motions to supplement are treated under the same standard.  See Alabama v U.S. Army Corps of Engineers, 382 F. Supp. 2d 1301, 1309 (N.D. Ala. 2005).

1996).  The court applies the same standard as it applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Id.

The court accepts all well-pleaded facts as true and resolves all reasonable inferences in the plaintiff's favor. See AER Advisors, Inc. v. Fidelity Brokerage Servs., LLC, 921 F.3d 282, 283 (1st Cir. 2019).  The court, however, disregards conclusory allegations.  Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  To determine whether a claim for relief is stated, the court should use its "judicial experience and common sense," but it should also avoid disregarding a factual allegation merely because actual proof of the alleged facts is improbable.  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).  Simply put, the complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]"  Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

B. Breach of Covenant of Quiet Enjoyment and Warranty of Habitability (Count 5)

In Count 5 of his proposed supplemented complaint, Lath alleges that PennyMac, as his landlord, breached the covenant of quiet enjoyment under RSA 540-A and violated an implied warranty of habitability.

1.  <u>Breach of Covenant of Quiet Enjoyment</u>

RSA 540-A:2 forbids a landlord from "willfully violat[ing] a tenant's right to quiet enjoyment of his tenancy or attempt[ing] to circumvent lawful procedures for eviction pursuant to RSA 540."  RSA 540-A:2.  PennyMac argues that it cannot be held liable under RSA 540-A:2 because it is not Lath's landlord.  Lath responds that PennyMac is his landlord because the homeowners' association's assessment fees he paid were, in function, rental payments.

Lath does not allege that he had a lease with PennyMac for the unit.  Potentially, a landlord-tenant relationship can arise by operation of law if the alleged landlord demanded or accepted rent from the would-be tenant.  See <u>Evans v. J Four Realty, LLC</u>, 164 N.H. 570, 572-73 (2013); <u>see also</u> RSA 540-A:1 (defining "landlord" as "an owner, lessor or agent thereof who rents or leases residential premises . . . .").  Here, the homeowners' association's assessment fees cannot be construed as rental payments to PennyMac, as they were demanded by the homeowners' association, not PennyMac.

Lath points to RSA 356-B:46-a, which permits a homeowners' association to collect past-due fees from rent paid from a tenant to a landlord.  RSA 356-B:46-a, however, has no relevance to the circumstances alleged by Lath.  Here, there was no allegation that Lath paid rent to PennyMac, only that Lath paid

5

assessment fees directly to the homeowners' association.  Lath also contends that he had an implied duty to pay "rent" under the Condominium Act, RSA chapter 356-B, or under the circumstances.  This argument does not aid Lath, however, because PennyMac neither accepted nor demanded rent from him.  See Evans, 164 N.H. at 572-73.

Because PennyMac is not Lath's landlord, Lath cannot bring a claim for breach of the covenant of quiet enjoyment against it.  See RSA 540-A:2.  Therefore, the district judge should find that the claim is futile.

2. Breach of Implied Warranty of Habitability

Lath contends that, even if he cannot bring a claim against PennyMac as a landlord under RSA 540-A:2, he can bring a claim for breach of implied warranty of habitability as a tenant at sufferance.  See Crowley v. Fraizer, 147 N.H. 387, 391 (2001) ("A defect that renders premises unsafe or unsanitary, and thus unfit for living therein, constitutes a breach of the implied warranty of habitability.").

Lath is not a tenant at sufferance.  "New Hampshire law considers a homeowner who remains in a home lost to foreclosure to be a tenant at sufferance . . . ."  Bradley v. Wells Fargo Bank, N.A., 2015 WL 5054584, at *3 (Aug. 26, 2015) (emphasis added).  But Lath alleges in his proposed supplemented complaint

6

that he did not reside at the unit after the foreclosure sale. Doc. 29-1 ¶ 23. Therefore, he cannot be a tenant at sufferance.

Even if Lath could claim a status as a tenant at sufferance, New Hampshire case law indicates that no implied warranty of habitability exists where there were no rental payments made or demanded and where there was never a lease agreement. See Kline v. Burns, 111 N.H. 87, 92 (1971) ("[I]n a rental of an apartment as a dwelling unit, be it a written or oral lease, for a specified time or at will, there is an implied warranty of habitability by the landlord that the apartment is habitable and fit for living."). Further, the Housing Code violations – and Manchester's prohibition on his residency at the unit based on those violations – were known to Lath, yet he claims he began a tenancy at sufferance anyway. In these circumstances, Lath has no claim to breach of implied warranty of habitability. See id. at 93 (noting that a tenant can waive a claim to breach of implied warranty of habitability).

    C.  Constructive Eviction (Count 6)

In Count 6 of his proposed supplemented complaint, Lath alleges that PennyMac constructively evicted him from the unit because it failed to remedy the Housing Code violations after the foreclosure sale. New Hampshire prohibits the use of self-help remedies to force a former owner out of a foreclosed-upon property. E.g., Greelish v. Wood, 154 N.H. 521, 527 (2006).

7

"[T]he critical question facing a factfinder in a wrongful post-foreclosure eviction claim is whether the purchaser's post-foreclosure conduct evinces a wrongful 'course of conduct designed to force [the former homeowner] to leave' the property . . . ." Bradley, 2015 WL 5054584, at *3 (alteration in original) (quoting Greelish, 154 N.H. at 522).

In his Amended Complaint, Lath alleged that he owned the unit at the time the Housing Code violations arose. He still owned the unit when the City of Manchester prohibited him from residing at the unit due to the violations. Therefore, under Lath's own allegations, PennyMac had nothing to do with the Housing Code violations or with Manchester's prohibition on his residency at the unit. On this basis, it cannot be reasonably inferred that PennyMac engaged in a wrongful course of conduct designed to force Lath to leave the property. Accordingly, the district judge should find that Lath's constructive eviction claim is futile.

## Conclusion

For the foregoing reasons, the court recommends that the district judge deny Lath's motion to supplement his Amended Complaint (doc. no. 29).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended

8

upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 1, 2019

cc: Sanjeev Lath, pro se
    Kevin P. Polansky, Esq.